**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 20-cv-02045-REB

ZOLTON ZELENAK,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

## ORDER FOR JUDGMENT AND REMAND

**Blackburn, J.**

    The matter before me is **Defendant's Opposed Motion To Remand** [#18],[1] filed February 18, 2021.  I grant the motion.

    Plaintiff opposes remand on the ground that a prior ALJ's determination of plaintiff's residual functional capacity is res judicata and thus binds the agency to find plaintiff disabled at least as of his 55th birthday, when applicable Grid rules would dictate a finding of disabled. He points the court to the Fourth Circuit's decision in ***Lively v. Secretary of Health and Human Services***, 820 F.2d 1391 (4th Cir. 1987), in support of his position.

    There are at least three problems with this argument.  First, the Fourth Circuit significantly cabined the import of ***Lively*** in a subsequent decision, describing it as a "rare" and "heavily fact-dependent case" which presented unique and particularly

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

compelling circumstances.[2]  *See Albright v. Commissioner of Social Security*, 174 F.3d 473, 477-78 (4th Cir. 1999).  Indeed, the *Albright* court noted the prior administrative determination in *Lively* was binding only because there was no substantial evidence of an improvement in the claimant's condition in the two weeks between the date of his unfavorable disability determination and his 55th birthday.  *See id.* ("Absent such evidence, however, common sense and logic dictated that Lively's physical condition was unlikely to have improved significantly within two weeks.").  The court found the case before it distinguishable:

> Although we might state with some assurance that a claimant's condition very likely remains unchanged within a discrete two-week period, we would grow ever less confident as the timeframe expands.  Where, as here, the relevant period exceeds three years, our swagger becomes barely discernible.

*Albright*, 174 F.3d at 477.  *See also Cuffee v. Berryhill*, 680 Fed. Appx. 156, 160 (4th Cir. 2017) (no error in failing to give res judicata effect to previous, more-restrictive determination of claimant's residual functional capacity; three years elapsed between first and second applications and evidence suggested claimant's functionality had

---

[2]  By his first application for benefits, the claimant in *Lively* had been found capable of light work and therefore not disabled, as of October 19, 1981.  Two weeks later, the claimant turned 55.  Under the Commissioner's Grid rules, an individual of that age with the claimant's other vocational factors would be considered disabled.  However, in resolving the claimant's subsequent application for benefits, an ALJ found him capable of work at all exertional levels prior to December 31, 1981, his date last insured.  *Lively* 820 F.3d at 1391-92.  Finding it "utterly inconceivable that [the claimant's] condition had so improved in two weeks as to enable him to perform medium work." the Fourth Circuit concluded that "[p]rinciples of finality and fundamental fairness drawn from § 405(h) . . . indicate that the Secretary must shoulder the burden of demonstrating that the claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work."  *Id.* at 1392.

improved in that time, despite permanence of her impairment).[3]  Thus, even under *Lively*, as elucidated by *Albright*, a prior adjudication is not conclusive if substantial evidence suggests a different conclusion is warranted.  *Albright*, 174 F.3d at 477.  *See also Earley v. Commissioner of Social Security*, 893 F.3d 929, 933 (6th Cir. 2018) (characterizing earlier decision in *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), as a "black swan" and holding that in more typical case, "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application").

Second, the Commissioner's has made clear that *Lively* is contrary to his own interpretation of the relevant rules and principles:

> In a subsequent disability claim, SSA considers the issue of disability with respect to a period of time that was not adjudicated in the final determination or decision on the prior claim to be a new issue that requires an independent evaluation from that made in the prior adjudication.  Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.  SSA does not consider prior findings made in the final determination or decision on the prior claim

---

[3]  In fact, according to *Albright* court,

> *Lively* really has very little to do with preclusion. . . .  Rather than signaling a sea change in the law of preclusion, the result in *Lively* is instead best understood as a practical illustration of the substantial evidence rule.  In other words, we determined that the finding of a qualified and disinterested tribunal that Lively was capable of performing only light work as of a certain date was such an important and probative fact as to render the subsequent finding to the contrary unsupported by substantial evidence.

*Albright*, 174 F.3d at 477-78.

>as evidence in determining disability with respect to the unadjudicated period involved in the subsequent claim.

Acquiescence Ruling (AR) 00-1(4), 2000 WL 43774 at *3 (SSA Jan. 12, 2000).[4] While Acquiescence Rulings "do not have the force and effect of law, they constitute Social Security Administration interpretations of its own regulations and the statute which it administers," and thus "are entitled to deference except when they are plainly erroneous or inconsistent with the Act." **Walker v. Secretary of Health & Human Services**, 943 F.2d 1257, 1259-60 (10th Cir. 1991). Plaintiff has offered neither argument nor authority to suggest the Commissioner's interpretation of the preclusive effect of prior disability determinations outside the Fourth Circuit, as set forth in AR 00-1(4), is not entitled to deference.

Finally, although this issue has not been squarely presented in this circuit, the Tenth Circuit has been unwilling to apply the holding of *Lively* where the second ALJ did not merely reevaluate evidence already presented and adjudicated by the first but independently considered the claimant's eligibility at the time of the second application, which involved a different, unadjudicated time period as to which new evidence had been presented.[5] **Gonzales v. Colvin**, 515 Fed. Appx. 716, 720-21 (10th Cir. 2013)

---

[4] Acquiescence Rulings "explain how SSA will apply a holding by a United States Court of Appeals that is at variance with [the agency's] national policies for adjudicating claims." (Social Security Administration, *Acquiescence Ruling Definition* (available at http://www.ssa.gov/regulations/def-ar.htm) (last visited March 11, 2021)); *see also* 20 C.F.R. § 404.985(b) (stating that the SSA will issue an Acquiescence Ruling when it "determine[s] that a United States Court of Appeals holding conflicts with [the SSA's] interpretation of a provision of the Social Security Act or regulations"). An Acquiescence Ruling "will describe the administrative case and the court decision, identify the issue(s) involved, and explain how [the SSA] will apply the holding, including, as necessary, how the holding relates to other decisions within the applicable circuit." 20 C.F.R. § 404.985(b).

[5] I acknowledge that the second ALJ here reopened the prior determination. However, plaintiff suggests this was error. Assuming plaintiff is correct, the second ALJ nevertheless would not have been bound to accept the prior determination under the facts of this case.

(citing **Rucker v. Chater**, 92 F.3d 492, 495 (7th Cir.1996)).  Indeed, the Tenth Circuit has recognized that

> Recurring applications for disability benefits generally deal with different periods of time.  Because medical conditions and impairments can change, findings as to a claimant's residual functional capacity during one period "[are] not conclusive evidence of [his] residual functional capacity at a later date."  Passage of time may destroy the identity of issues essential to the operation of collateral estoppel.

**Wilson v. Chater**, 113 F.3d 1248 (10th Cir. 1997) (quoting **Rucker**, 92 F.3d at 495) (alterations in original).

In light of these principles and precedents, I cannot find that the ALJ's March 15, 2015, disability determination is res judicata in this case.  Nine months elapsed between the date of the first disability determination and plaintiff's second application for benefits.  In that period, plaintiff underwent spinal surgery.  While that fact may well suggest the ALJ's finding that plaintiff could return to his past work as a waiter was in error, such a determination is fact-driven and thus not appropriate for resolution by this court.  The Commissioner points to other evidence of record indicating plaintiff's alleged mental impairments may have improved since the initial disability determination.  Again, the interpretation of that evidence is a job in the first instance for the ALJ.

While plaintiff's frustration at the delay in proper adjudication of his claim is understandable, I cannot conclude that additional fact-finding would serve no useful purpose in this case, *see* **Salazar v. Barnhart**, 468 F.3d 615, 626 (10th Cir. 2006); **Williams v. Bowen**, 844 F.2d 748, 760 (10th Cir. 1988), or that the evidence clearly establishes plaintiff's entitlement to benefits, *see* **Hamby v. Astrue**, 260 Fed. Appx.

108, 113 (10th Cir. Jan. 7, 2008); **Tucker v. Barnhart**, 201 Fed. Appx. 617, 625 (10th Cir. Oct. 19, 2006); **Miller v. Chater**, 99 F.3d 972, 978 (10th Cir. 1996).  Remand therefore is required.

    **THEREFORE, IT IS ORDERED** as follows:

    1.  That **Defendant's Opposed Motion To Remand** [#18], filed February 18, 2021, is granted;

    2.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

    3.  That this matter is remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g);

    4.  That judgment shall enter in favor of plaintiff and against defendant in accordance with Fed. R. Civ. P. 58 and consistent with the United States Supreme Court's decision in **Shalala v. Schaefer**, 509 U.S. 292, 296-302, 113 S.Ct. 2625, 2628-32, 125 L.Ed.2d 239 (1993); and

    5.  That plaintiff is awarded his costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

    Dated March 16, 2021, at Denver, Colorado.

                      **BY THE COURT:**

*(signature)*
Robert E. Blackburn
United States District Judge